THE STATE *ex rel* THE BURLINGTON AND MISSOURI RIVER R. R. COMPANY v. COUNTY JUDGE OF WAPELLO COUNTY.

1. WRIT OF MANDAMUS: CONDITION PRECEDENT. An information for a writ of *mandamus* to compel a county judge to issue the bonds of his county in payment of the subscription of stock made by said county to said Company; recited as one of the terms upon which the subscription was made "that said county was to receive for each bond as issued, a certificate for the same amount of stock in said Company;" *Held,*

1. That an actual tender of the certificate of stock was not a condition precedent to the issue or delivery of the county bonds.

2. That in an information for a writ of mandamus, it is only necessary on the part of the relator to allege a readiness and willingness to issue the certificates when the bonds are delivered.

*Appeal from Wapello District Court.*

THURSDAY, OCTOBER 13.

It is made to appear by the information of the Burlington and Missouri River Rail Road Company, that, in pursuance of authority conferred upon him by a vote of the people of Wapello county, taken on the 24th of September, 1853; the county judge of said county, for and in behalf of said county, subscribed for one thousand shares of the capital stock of said company, in shares of one thousand dollars each, payable according to the terms of said subscription, in installments of *five per centum per month*, after said road should have been put under contract to Ottumwa, in said county, and to be paid by the issue of bonds of said county, having twenty years to run, and bearing interest at the rate of *eight per centum per annum*, and to be expended in said county; the said county to receive for each bond as issued, a certificate for the same amount of stock in said company.

It is shown by said information that the calls for the payment of subscription to the capital stock of said company, according to the terms of subscription, had been duly and regularly made, and notice given as required by the articles of incorporation and by-laws of said company; that said road had been put under contract to Ottumwa, and more than one hundred thousand dollars, the amount of the subscription of said county of Wapello, expended in the construction of the road in said county, before said calls were made; that the bonds of said county to the amount of thirty thousand dollars, had, by the said county judge, without objection, been issued and delivered to said company in payment of said subscription; that subsequently, to-wit: in the month of October, 1858, the said railroad company made application to said county judge, and demanded of him to issue to said company the bonds of said county to the amount of seventy thousand dollars, or sufficient to pay the remainder of the

subscription of said county, to the capital stock of said company, in accordance with the terms of the same, as already made, and at the same time made known to said judge that the said company were ready and willing to receive said bonds and to issue certificates of stock therefor to said county, according to the terms of subscription, but the said county judge absolutely and unconditionally refused to issue the residue of said bonds.

Upon this information, verified by affidavit, the said railroad company, at the March term, 1859, applied to the District Court of Wapello county for a writ of *mandamus* to be directed to said county judge, and commanding him as such judge to issue to said company, bonds of the county of Wapello to the amount of seventy thousand dollars, in exchange for certificates of stocks in said company to a like amount, in payment of the residue of the subscription of said county, and according to the terms thereof, or that he show cause before said court why he has not done so, at a time and place to be fixed.

The county judge appeared and resisted the applications for the writ, and demurred to the information for reasons set forth at length in the demurrer.

The twelfth ground assigned for demurrer was as follows:

"12. It is shown by said information that the issue of the bonds by the county judge, and the delivery of the same to said company, and the issue of stock by said company, and the delivery of the same to the county judge, are dependant and concurrent acts and covenants, and there is no averment in said information that said company at the time of demanding the bonds of the county, offered or tendered certificates of stock in said company to an amount equal to the bonds demanded, or any amount."

The District Court overruled all the causes of demurrer assigned, except the 12th, and sustained the demurrer for the 12th cause, and decided that the information was insufficient in that it did not show that the company when they demanded the bonds, had the certificates of stocks ready to be delivered

to said county therefor, and then offered to deliver the same to said county judge. The application for the writ of *mandamus* was overruled, and the writ denied.

*David Rorer*, for the appellant.

I. The county is "to receive for each bond as issued, a certificate for the same amount of stocks." To recieve for each bond *as issued*, and not before issued. If not entitled to receive certificates before the bonds are issued, then there is no need of a tender. In such case the rule of law is, that the party demanding the amount of the subscription, need only show a "*readiness* and *willingness*" to issue the stock. The acts to be done are "cotemporaneous," and an actual delivery or tender of the shares of stock is not a precedent to the demand of the subscription. *James* v. *Cincinnati, Hamilton & Dayton R. R. Co.*, 6 American Law Reg. 718; *Jackson* v. *Alloway*, 6 Man. & Granger, 942; 8 Mees. & W. 372; *Levy* v. *Lord Herbert*, 7 Taunt. 314; 2 Bac. Abr. title Covenant; *Goodwin* v. *Linn*, 4 Wash. C. C. 724; *West* v. *Emmons*, 5 John. 179; *Gardner* v. *Carson*, 15 Mass. (Rand's ed.) 503 and note; Platt on Cov. 79 and 96; *Finney* v. *Ashley*, 15 Pick. 552; *Bean* v. *Atwater*, 4 Conn. 3; *Jones* v. *Somerville*, 1 Porter 437; *Rawson* v. *Johnson*, 1 East. 208.

*James F. Wilson* and *H. C. Caldwell* for the appellees.

I. The averments in the information show that the issuing of the bonds by the county, and the issuing and delivery of the certificates of stock by the company to the county, are dependent and concurrent acts and covenants, and the county can not be compelled to issue the bonds until the company shall first offer to perform its portion of the contract, which offer to perform must be accompanied with a tender of the certificates. 7 Curtis S. C. R. 664; Espinasse (2 Gould's ed,) part 2d, 139; 4 Wash. C. C. 714; 2 Selm. N. P. 443; Platt on Cov. 71; 2 Pars. on Cont. (1st ed.) 41 note *b*.

II. The allegations of readiness to perform on the part of

the railroad company, as set out in the information, in the following words: that the company "was ready and willing and then and there made known to said judge their readiness and willingness to receive said bonds, and to issue certificates of stock to said county judge, for said county, according to the terms and tenor of said subscription of said county," do not amount to an allegation of tender of said certificates of stock in payment for said bonds.    An offer to perform, must be accompanied by an article to perform instanter, if the offer should be accepted, and this must appear in the allegation of tender. Espinasse N. P. (2 Gould's ed.) part 2, 140, section 2 ; Chit. on Cont. (6 Am. ed.) 797; 2 Par. Cont. 154 and 155, notes *a* and *b*.

III. Even though an actual tender had been made at the time of the demand, it would avail nothing, if it was not continued, and there is no allegation in the information, showing that it was.    5 Iowa 481.

STOCKTON, J.—The assignment of errors and the arguments of counsel are confined to the single point, whether the District Court erred in holding it necessary for the railroad company, at the time of demanding the bonds of the county, to offer or tender certificates of stock for the amount thereof. This is the only question that will be considered by the court.

It is stated in the information as one of the terms on which the subscription of stock was made by the county, "that said county was to receive for each bond as issued, a certificate for the same amount of stock in said company."

We do not understand from this that an actual tender or delivery of the certificates of stock was a condition precedent to the issue or delivery of the county bonds by the defendant. The bonds are to be issued before there is any right to demand the certificates of stock; and all that is necessary to allege on the part of the relator, is a readiness or willingness to issue the certificates when the county bonds are delivered.    This much is plainly and distinctly averred in the information.    See opinion of Gholson, J., in *James* v.

*Cincinnati, Hamilton & Dayton R. R. Company*, American Law Register 718.

Judgment reversed.